# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ALEXANDER JIGGETTS,

    Plaintiff,

v.

MARYLAND GENERAL ASSEMBLY

    Defendant.

Civil Action No.: ELH-20-246

## MEMORANDUM

Self-represented plaintiff Alexander Jiggetts filed a civil rights action on January 24, 2020 (ECF 1), accompanied by an exhibit (ECF 1-1) and a motion to proceed in forma pauperis. ECF 3. Because plaintiff appears indigent, his motion shall be granted. For the reasons stated below, the Complaint must be dismissed.

Mr. Jiggetts seeks an order from this court requiring "the Maryland General Assembly to repeal Maryland Code Statute for competent [sic] to stand trial." ECF 1 at 1.[1] He states that he "knows that this court has the authority to challenge state statutes that are unconstitutional" and asks that this court "order the General [A]ssembly to repeal this statute." *Id.* Mr. Jiggetts explains that he was adversely affected by this provision in Maryland law because he was found not competent to stand trial and hospitalized because he would not enter a guilty plea to the charges pending against him. *Id.* at 2.

Mr. Jiggetts filed this Complaint in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing

---

[1] Presumably Mr. Jiggetts refers to Md. Code, Crim. Proc. § 3-106.

fee. To guard against possible abuses of this privilege, however, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

This court is mindful of its obligation to construe liberally the pleadings of a self-represented litigant, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). And, the court "must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722-723 (4th Cir. 1989). In evaluating such a Complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").

A claim against the Maryland General Assembly is barred by the Eleventh Amendment. Under the Eleventh Amendment to the United States Constitution, a state, its agencies, and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id.* (citing *Florida Department of Health v. Florida Nursing Home Assn.*, 450 U.S. 147 (1981) (per curiam)). Although the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code, State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. "A State's constitutional interest in

immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Halderman*, 465 U.S. at 100 (emphasis in original).

Further, the federal courts may not issue an order in the nature of mandamus against a State agency or branch of government. *See Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969) (no mandamus jurisdiction over State employees). Rather, under 28 U.S.C. § 1361, this court has original jurisdiction to compel a federal officer or employee to perform a duty owed to the petitioner.

Mr. Jiggetts, like any other citizen of the State, has the right to contact the Maryland General Assembly to call attention to the problems outlined in his Complaint. ECF 1 at 2-3. This court, however, is not the appropriate forum to accomplish his stated goal of effecting a change in State law. Because the Complaint fails to state a claim upon which relief may be granted, it must be dismissed by separate Order, which follows.

1/30/20
Date

Ellen L. Hollander
United States District Judge